# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:18-cr-00063-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL JEROD THURMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for relief under the First Step Act of 2018 [Doc. 29].

In January 2019, the Defendant was convicted of one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). [Doc. 20: Judgment]. The Defendant was sentenced to a term of 60 months' imprisonment. [Id.].

By the present motion, the Defendant appears to seek relief pursuant to Section 403 of the First Step Act of 2018. [Doc. 29 at 1("I was sentence[d] under 924(c)(1)(A) and would like to know if I qualify for any relief under the First Step Act")]. Section 403 of the First Step Act amended the language of

18 U.S.C. § 924(c)(1)(C) by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018 § 403(a), Pub. L. 115-391, 132 Stat. 5194, 5221-22 (2018). In essence, this amendment eliminates the "stacking" of multiple § 924(c) charges in the same indictment to qualify for the 25-year mandatory minimum for a second or subsequent conviction under § 924(c)(1)(C)(i).

Here, however, the Defendant was not subject to any "stacking" of multiple § 924 charges. He was convicted of a single offense under that statute. In any event, however, Section 403 does not apply retroactively. See First Step Act of 2018 § 403(b), 132 Stat. 5222 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). For all these reasons, the Defendant is not entitled to relief under Section 403 of the First Step Act.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for relief under the First Step Act of 2018 [Doc. 29], is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 24, 2020

Martin Reidinger
Chief United States District Judge